| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Deep Water Slender Wells, Ltd., et al., §
§
      Plaintiffs, §
§
versus                           §       Civil Action H-12-1166
§
Shell Oil Company, et al., §
§
      Defendants. §

## Opinion on Summary Judgment

1.    *Introduction.*

    Beginning in 1998, James G. Wood told Shell Oil Company about designs to use smaller-diameter equipment for drilling in deep water. In 2004, the United States Patent Office awarded Peter Azancot a patent on drilling a small-bore well in deep water. Wood asserts that he is the sole inventor of the technology in Azancot's patent. Shell responds that both Wood's delay in bringing this claim and having brought other suits against Shell preclude his claim for inventorship. Shell will prevail.

2.    *Background.*

    Wood owns Deep Water Slender Wells, Limited. It developed designs for deep-water wells using a blowout preventer above the water's surface and an emergency shut off and disconnect underwater. These features could also be used with a drill-through christmas tree – a collection of fittings and valves on top of the well at the surface or seabed, resembling a Christmas tree, that controls the flow of oil or gas from the well.

    At great depths, an underwater blowout preventer at the seabed became increasingly impractical. It required more equipment with greater complexity, cost, and risk. The surface blowout preventer and the emergency shut off features were especially useful when used with a slender-well system. A slender-well system uses risers – pipe that connects the well head on the seabed to the surface – with a smaller diameter and higher pressure than conventional risers. The smaller diameter of the slender risers decrease the overall cost of the well by

decreasing deck, storage, and platform requirements.

Between 1998 and 2002, Deep Water engineered slender wells for the predecessor of Shell International Exploration and Production, B.V. In 1998, Wood designed for Shell slender wells for drilling locations off West Africa and Australia. In 1999, Wood talked about an underwater blowout preventer to Shell employees in Houston.

He also sent a report to Shell. The report's first volume discussed designs for a slender well that used an underwater blowout preventer. The second volume discussed designs for slender wells for deep water. The deep-water designs used a surface blowout preventer, underwater emergency shut off and disconnect device, and optional drill through christmas tree.

3.  *Patent.*

In 2001, Shell provisionally applied to the United States Patent Office claiming a system and method for offshore drilling. They included a surface blowout preventer, slender risers, a drill through christmas tree, and an optional underwater disconnect device. On January 6, 2004, the Patent Office named Peter Azancot the inventor. Azancot assigned patent 6,672,390 to Shell Oil Company.

4.  *Texas-Dutch Cases.*

On November 6, 2003, Wood sued Shell in Texas state court for fraud, breach of fiduciary duty, conversion of intellectual property, theft of trade secrets, and tortious interference with Wood's business. The trial court enforced the forum-selection clause in the consulting agreement, obliging Wood to sue in the Netherlands. The ruling was affirmed.[1]

On December 19, 2007, in the district court of the Hague, Wood sued Shell for disclosing Wood's design in breach of their contracts. That court held for Shell, and its ruling was affirmed.

5.  *Texas-Federal Case.*

On April 9, 2012, Wood sued Shell and Peter Azancot. Shell moved to dismiss saying that the claims were precluded, issues were precluded, and delay. Shell's motion to dismiss was

---

[1] Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc., 234 S.W.3d 679, 682 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

converted into a motion for summary judgment. On the abandonment of Wood and Deep Water's claims for unjust enrichment and derivation, those claims were dismissed with prejudice. This court held that it had no jurisdiction over Azancot and Shell B.V., leaving Shell Oil Company and Shell International Exploration and Production, Inc.

6. *Correction of Inventorship.*

Wood says that Azancot intentionally omitted him as the inventor of the 390 patent. The law permits the court to order the Patent Office to correct the named inventors of an issued patent.[2] Wood says that his report is functionally equivalent to the slender-well design in the 390 patent. He suspects that Azancot used the report to apply for the patent.

7. *Wood's Delay.*

Wood's delay will bar his suit because Shell has shown that the delay (a) was unreasonable and (b) has materially injured Shell.[3] Both of the elements – unreasonable delay and prejudice – are presumed when the delay is longer than six years.[4] Wood's delay began when he should have known that the patent issued.[5] A patent is a public record that notifies the world.[6] Apart from the presumed knowledge of public records, Wood was actively designing variations in drilling equipment and techniques. He should have checked the state of the technology both as research and as a precaution against trespassing on other patents.

In 2001, Shell applied for a patent on the slender well to protect Azancot's design. By 2004, Wood knew of the 390 patent; he complained about it in a response in the Texas case on May 21, 2004. Wood waited over eight years to assert his claim of inventorship. This unreasonable and injurious delay bars Wood's claim to amend inventorship.

---

[2] 35 U.S.C. § 256(b) (2012).

[3] Advanced Cardiovascular Sys. v. SciMed Life Sys., 988 F.2d 1157, 1161 (Fed. Cir. 1993).

[4] *Id.* at 1163.

[5] *Id.* at 1161.

[6] *See* Boyden v. Burke, 55 U.S. (14 How.) 575, 582 (1853).

A.   *Unreasonable.*

Wood says that his other litigation against Shell excuses his delay.[7] To be excused, Wood must have notified Shell of his intent to enforce his patent rights upon completion of the litigation.[8]

Wood never told Shell of his intent to enforce his patent rights. In 2009, Wood sent two letters to Shell. In the letters, Wood said that he was the inventor of the slender-well design in the 390 patent. The letters warned Shell that its "actions constitute either a breach of contract or a tort or an unjustified enrichment." The letters omitted whether Wood sought to enforce his patent rights. Assuming the letters were proper notice, the five-year delay alone was unreasonable because Wood knew of the patent within months of its being issued.

Wood delayed not because he was determining whether he owned a valid patent, but because he sought recovery from Shell under tort and contract claims.[9] Shell was a defending party in the other litigation and has succeeded before three courts. Shell did not reasonably contemplate that it would be sued for inventorship – unless Shell anticipated that it would be sued for everything in the Dutch and American *corpora juris*.

B.   *Prejudice.*

Wood's delay harmed Shell. The harm may be evidentiary or economic.[10]

Azancot researched drilling for over a decade. Shell has invested in the 390 patent, and has been drilling in deep water with its design. If this court awarded ownership to Wood, it would reduce those investments to losses.

Over a decade, Wood whipsawed Shell between courts. Wood has sued Shell three times and in as many places. Wood may appeal – again – in the Hague. Wood says Shell is not prejudiced because the witnesses are in good health and Shell retains documents on the patent. Merely showing some evidence of a defense is not enough to rebut the presumption. Memories

---

[7] Vaupel Textilmaschinen KG v. Meccannica Euro Italia S.P.A., 944 F.2d 870, 876–77 (Fed. Cir. 1991).

[8] *Id.* at 877.

[9] *Id.*

[10] Serdarevic v. Advanced Med. Optics, Inc., 532 F.3d 1352, 1360 (Fed. Cir. 2008).

have faded because of eight years of dereliction impairing Shell's ability to present a full and fair defense.

8.   *Preclusion.*

Assuming Wood's delay were excusable, his other litigation precludes his claim for inventorship.

   A.   *Claim.*

Wood may not sue on inventorship. A final judgment on the merits precludes Wood from suing on issues that were raised or could have been raised in an earlier suit.[11] Wood's claim derives solely from the common nucleus of fact that Wood engineered offshore wells for Shell.[12] Wood has sued Shell in the courts of Texas and Zuid on these same facts. Three courts have entered judgments against Wood.

In Holland, Wood claimed that Shell used his slender-well design in violation of their confidentiality agreement. The court concluded that Shell did not violate the contracts. It did not breach the minor-services contract because it did not receive Wood's slender-well designs for deep water under that contract. The slender wells used the underwater blowout preventer. The court recognized that Shell might have designed slender wells absent Wood's reports. The district court refrained from entertaining issues of patent infringement. Wood has exhausted the claims for this cause of action. Wood's litigation in Holland precludes this suit.

   B.   Issue.

Wood may not sue Shell because an actual, necessary issue to his claim has been resolved by a court against him.[13] Shell says that the enforcement of the forum-selection clause bars Wood's claim for inventorship. The consulting agreement between Deep Water and Shell B.V. says that the courts in the Hague have exclusive jurisdiction over all controversies.[14]

---

[11] Federated Dep't Stores v. Moite, 452 U.S. 394, 398 (1981).

[12] United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

[13] Montana v. United States, 440 U.S. 147, 153 (1979).

[14] *Deep Water*, 234 S.W.3d at 683–84.

Wood and Shell litigated the effect of the forum-selection clause in the Texas case. The disposition of the case rested on the clause. In this case, Shell and Wood dispute the same facts. Wood is precluded.

Wood contends that this court has exclusive jurisdiction of claims for inventorship. It is not exclusive of foreign courts. Patent law has territorial boundaries.[15] Patent disputes are equally bound by a forum-selection clause.[16] Wood and Shell both agreed to resolve their disputes in Holland. Texas courts concluded that the clause bound Wood and Shell. It still binds them.

7.  *Conclusion.*

James G. Wood and Deep Water Slender Wells Ltd. unreasonably delayed in suing Shell for inventorship of the 390 patent. Wood's other suits against Shell bar his claim for inventorship. Wood and Deep Water will take nothing from Shell Oil Company and Shell International Exploration and Production Inc.

Signed on November 22, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[15] Microsoft Corp. v. AT&T Corp., 550 U.S. 437, 454 (2007).

[16] Warner & Swasey Co. v. Salvagnini Transferica S.P.A., 633 F.Supp. 1209, 1214 (W.D.N.Y.), *aff'd*, 806 F.2d 1045 (Fed. Cir. 1986).